IN RE MUNICIPAL CHARTERS.

Opinion of the Judges.

Submitted to the Governor on January 13, 1913.

A delegated authority cannot, without permission, be delegated by the person to whom it is given, if that authority involves a trust and requires the exercise of judgment and discretion in its execution.

The power to "constitute towns, boroughs, cities, and counties," vested in the Legislature by the Constitution, is essentially a trust, requiring the exercise of judgment and discretion in its execution, and so non-delegable, and therefore No. 115, Acts 1910, giving the Public Service Commission authority to determine the plan and frame of government of proposed villages and what powers and functions shall be exercised, is invalid as an unauthorized delegation of legislative power; though the possible powers and functions of such villages are specifically limited by the act.

§§ 12, 13, No. 115, Acts 1910, providing for the taking of land by villages under the power of eminent domain, are separable from the other provisions of the act, which are invalid as an unauthorized delegation of legislative power, and so the invalidity of these does not affect the validity of those.

MONTPELIER, VT.,
November 8, 1912.

To the Honorables
        JOHN W. ROWELL,
        LOVELAND MUNSON,
        JOHN H. WATSON,
        SENECA HASELTON,
        GEORGE M. POWERS,
            Judges of the Supreme Court:

At the present session of the General Assembly, applications are being made either for the incorporation of villages or the amendment of the charters of existing cities and villages, by special acts.

The Executive is advised that the purpose of No. 115 of the acts of 1910 was to afford a means whereby villages could be

chartered and city and village charters amended on petition to the Public Service Commission, and without resorting to the General Assembly.

It has been questioned whether said act provides a constitutional method for accomplishing results intended thereby; and, in accordance with the provisions of section 1341 of the Public Statutes, I respectfully require of your Honors an opinion in writing upon the following questions of law connected with the discharge of my duties as Governor:

1. Are the provisions of sections 1 to 10, both inclusive, of No. 115 of the Acts of 1910, relating to the incorporation of villages, constitutional?

2. If the provisions referred to in the foregoing question are constitutional, may a village obtaining a charter thereunder lawfully exercise all the powers and functions enumerated in section 11 of said Act?

3. Are the provisions of sections 12 and 13 of said Act, relating in substance to the taking of land by such village and making compensation therefor, constitutional?

4. Are the provisions of sections 14 to 16 of said Act, both inclusive, relating to the amendment of charters of existing cities or villages, constitutional?

Respectfully submitted,<br>ALLEN M. FLETCHER.

MONTPELIER, VT.,<br>January 13, 1913.

To His Excellency,
    ALLEN M. FLETCHER,
        Governor of Vermont.

Sir:—

In reply to your requirement of our opinion as to the constitutionality of No. 115, Acts of 1910, entitled, "An act relating to the incorporation of villages and the amendment of city and village charters," we have the honor to submit the following:

It is a maxim of the common law that a delegated authority cannot, without permission, be delegated by the person to whom it is given, if that authority involves a trust and requires the

exercise of the judgment and discretion of such person in its execution.

This maxim is applicable here, for the power exercised by the Legislature is the people's power, delegated to it by the people in the Constitution of the State, which expressly commits to the Legislature the power to "constitute towns, boroughs, cities, and counties." This power is essentially a trust, and requires the exercise of judgment and discretion in its execution, and no authority is given to delegate it. The Legislature must, therefore, exercise its own judgment and discretion in its execution as far as necessary to discharge the personal trust committed to it. This, however, is not saying that the Legislature can delegate nothing concerning this matter, for there are undoubtedly some things pertaining to it that the Legislature can delegate. But we are not called upon to draw the line between the delegable and the non-delegable, nor to suggest a way in which the desideratum of a general law for the incorporation of villages can be attained.

Testing the act by the general principles above stated, we think it goes too far when it leaves to the Commission to determine the plan and frame of government of the proposed village; what powers and functions it may exercise; and what shall be the limit of its expenditures and indebtedness,—for these are questions of legislative judgment and discretion, and therefore their determination cannot be delegated. Nor is this objection obviated as to powers and functions by limiting them to specific things, as is done in the eleventh section of the act, for it is still left to the Commission to determine in its discretion what of those powers and functions it will confer in the particular case.

We think that sections twelve and thirteen of the act are constitutional. They apply to villages only after they are chartered, and have nothing to do with the constitution of villages under the act. Their purpose is to provide a way for taking land by the right of eminent domain, and are entirely separable from the rest of the act, and so may stand though the rest falls.

As to the rest of the act, even though some of its provisions may be good, yet all are so connected and joined together, and form such a unified scheme, that the good, if any there is, must

fall with the bad. Some of us think the entire act unconstitutional except sections twelve and thirteen.

JOHN W. ROWELL, *Chief Judge.*
LOVELAND MUNSON,
JOHN H. WATSON,  *Associate*
SENECA HASELTON,   *Judges.*
GEORGE M. POWERS,